**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Mary Maxwell</u>

  v.            Case No. 20-cv-1193-PB

<u>U.S. Secretary of Defense
Chris Miller, in his official
capacity, et al.</u>

**REPORT AND RECOMMENDATION**

  Plaintiff Mary Maxwell, proceeding pro se, has filed an action seeking injunctive relief to protect herself from mandatory vaccination for COVID-19. Doc. No. 1. Since Maxwell has paid the filing fee, her complaint, naming Acting U.S. Secretary of Defense Chris Miller, Federal Emergency Management Administrator Peter Gaynor, and U.S. Secretary of Health and Human Services Alex Azar as defendants, is before the magistrate judge to determine whether the court has subject matter jurisdiction over her claims. See Fed. R. Civ. P. 12(h)(3); LR 4.3(d)(2). The court construes Maxwell's well-pled allegations liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), but finds she has failed to allege an actual or imminent injury in fact that confers her with Article III standing to sue. Accordingly, the district judge should dismiss the complaint for lack of lack of subject matter jurisdiction.

1

I.  **Background**

In May 2020, President Donald Trump announced Operation Warp Speed ("OWS") – a partnership among components of various federal agencies with the mission of accelerating the development, manufacture, and distribution of vaccines, therapeutics, and diagnostics for COVID-19.[1]  See Compl. (Doc. No. 1, ¶¶ 10, 14).  As part of OWS, President Trump announced he would use the military to deliver the vaccines.  The U.S. Food and Drug Administration approved the first vaccines to counter COVID-19 nearly seven months later, in December 2020.

Maxwell, a Concord, New Hampshire resident, alleges that she "utterly objects to any government-enforced regime of vaccination" and "will refuse to take" any of the COVID-19 vaccines.  Id. ¶ 15.  Her complaint lists several reasons for her decision, including, for example, that "[o]ne likely agenda behind the vaccine is surveillance," and that by getting a vaccine, "she may be accepting permanent invasion of privacy" regarding her location and health history.  Id. ¶ 43.  She also claims that by accepting a vaccine, she "would be entering into a state of worry that unpredictable side-effects would appear later," id. ¶ 44, and would "feel complicit in the overthrow of our legitimate constitutional government, at both the state and federal level, and our highly prized Bill of Rights," id. ¶ 45.

---

[1] See also OWS Fact Sheet, https://www.hhs.gov/coronavirus/explaining-operation-warp-speed/index.html (last visited January 11, 2021).

Maxwell contends that "under a putative emergency (or martial law)," the President "could presumably 'declare' vaccination mandatory." Id. ¶ 10. She concedes, however, that at this moment, there is "no law directing [her] to be mandatorily injected." Id. ¶ 50.

## II. Discussion

"The Constitution limits the judicial power of the federal courts to actual cases and controversies." Katz v. Pershing, LLC, 672 F.3d 64, 71 (1st Cir. 2012) (citing U.S. Const. Art. III, § 2 cl. 1). "A case or controversy exists only when the party soliciting federal court jurisdiction (normally, the plaintiff) demonstrates 'such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends.'" Id. (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)).

The first element for satisfying the personal stake requirement – injury in fact – requires the plaintiff to show, in part, "an invasion of a legally protected interest which is . . . actual or imminent, not conjectural or hypothetical." Id. (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)) (internal citations omitted). As explained by the First Circuit Court of Appeals, it is not enough that the harm could conceivably occur "at some future time;" rather, an "actual or

imminent injury" demands that "the harm has either happened or is sufficiently threatening." See id. (citing Lujan, 504 U.S. at 564).

Here, Maxwell has failed to show that any alleged injury to her is either actual or imminent. As she concedes, "there is at this moment no law directing [her] to be mandatorily injected" with a vaccine for COVID-19. Compl. (Doc. No. 1, ¶ 50). Her complaint does not even allege that Congress or the Executive Branch is considering such a law. Further, the conclusory allegation that the President "could presumably 'declare' vaccination mandatory" by "declaring a putative emergency (or martial law)," Compl. (Doc. No. 1, ¶ 10), without any description of concrete plans concerning how and when the President may actually make such a declaration, does not satisfy her burden of showing that a vaccine mandate is actual or imminent. See, e.g., Lujan, 504 U.S. at 564. Even if it were true that there was serious "talk" by government officials of invoking martial law – the court stresses that Maxwell cites nothing of evidentiary quality supporting this assertion – Maxwell has not alleged that the President (or any federal government officials for that matter) has expressed any intention to use a putative emergency or martial law to declare vaccination mandatory, or that such a declaration would necessarily apply to Maxwell's circumstances. See also Bechade

4

v. Baker, No. CV 20-11122-RGS, 2020 WL 5665554, at *2–3 (D. Mass. Sept. 23, 2020) (finding that a Massachusetts resident lacked standing to challenge a state executive order imposing a mask mandate, in part, because the plaintiff had not shown that she or her employees had "personally" been required to wear a mask under the mandate).

In short, Maxwell's complaint rests on "nothing more than a bare hypothesis" that governmental entities "possibly might push" her to be mandatorily vaccinated against COVID-19 in the future. Katz, 672 F.3d at 77. As such, the injuries she alleges are "conjectural or hypothetical," not "actual or imminent," as Supreme Court and First Circuit precedent defines those terms, and thus fail to confer her with Article III standing to proceed with this action. Because Maxwell has not sufficiently pled the existence of an injury in fact, the court need not address whether Maxwell's allegations also sufficiently show that the named defendants are the source of her alleged injuries, or that a favorable resolution of her claims against the named defendants would likely redress her professed injuries. See id. at 71 ("To satisfy the personal stake requirement, a plaintiff must establish each part of a familiar triad: injury, causation, and redressability." (citing Lujan, 504 U.S. at 560–61) (emphasis added)).

## III. Conclusion

For the foregoing reasons, the district judge should dismiss Maxwell's complaint (Doc. No. 1) in its entirety for lack of subject matter jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order. See United States v. De Jesus-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat. Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

                                                              _____
                                                              Andrea K. Johnstone
                                                              United States Magistrate Judge

January 14, 2021

cc: Mary Maxwell, pro se